**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Anthony Eugene SAWYER, Defendant-
Appellant.**

No. 74-2251.

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 22, 1974.

Michael Doddo, Asst. Public Defender, Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., William R. Northcutt, Jerome B. Ullman, Jr., Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant Sawyer was convicted by a jury of armed bank robbery in violation of 18 U.S.C.A. § 2113(a) and (d). On appeal he challenges the admissibility of (i) his oral confession made after refusing to sign Miranda waiver forms and (ii) photographs that he asserts may have suggested to the jury that he had a prior criminal record. We find that appellant's challenges do not rise to the level of reversible error and, therefore, we affirm.

Appellant argues that the mere failure to sign a "Miranda" waiver form compels the conclusion that the subsequent statements were the product of involuntary interrogation. But this Court has repeatedly rejected the notion that a confession is per se inadmissible merely

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

because the defendant declines to sign the Miranda form. United States v. McDaniel, 5 Cir., 1972, 463 F.2d 129, cert. den., 413 U.S. 919, 93 S.Ct. 3046, 37 L.Ed.2d 1041; United States v. Devall, 5 Cir., 1972, 462 F.2d 137.

■ There is nothing in the circumstances surrounding appellant's interview to indicate that his statements to the police regarding his participation in numerous robberies including that of the Biscayne Federal Savings and Loan charged here were not voluntarily given despite the fact that he said he was not going to "sign anything." [1] Appellant was repeatedly given his warnings and, immediately before he made this statement, he read a Miranda card and said that he understood his rights.

■■ Appellant next argues that a collection of photos from which his own picture was selected by the robbery witnesses should not have been admitted at the trial because the photos clearly suggested to the jury that appellant had a prior criminal record. Despite the fact that all identifying marks and police numbers were "cropped" from the pictures, we reject the Government's argument that it would be mere idle guessing on the part of the jury to draw this conclusion because pictures are clearly mugshots. But we find that in view of the identification of Sawyer by three witnesses later in a lineup and in court— one of whom had previously known him —plus his own incriminating statement, the admission of the photographs was harmless error. Chapman v. California, 1967, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 2d 705.

Affirmed.

1. Sawyer's statement, as introduced at the trial was explicit:
  "Q. And during the course of your interview, *did he say anything about the bank robbery of the Biscayne Federal Savings & Loan in the Northside Shopping Center?*
  A. (Officer Dawkins, Miami Police Department), yes, he did . . .
  He stated that he had walked in the bank *and got in line and he was talking to a lady* that was in line in front of him.

When he came up to the window—when his turn came up to the window, he drew a gun on the girl and told her to fill up his bag with money . . .
After he got the money from the teller, he ran out of the bank and he went north up the sidewalk and then through more or less an arcade in a westerly direction."