**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Elliott RIXNER, Benjamin Jones, Jr., and Anthony Lowery, a/k/a "Sugar Bear",
Defendants-Appellants.**

No. 75–4269.

United States Court of Appeals,
Fifth Circuit.

March 18, 1977.

Michael H. Ellis, New Orleans, La. (Court-appointed), for Rixner.

John Volz, Federal Public Defender, John T. Mulvehill, Louis Moore, Jr., Asst. Federal Public Defenders, New Orleans, La., for Jones.

Arthur L. Harris, Sr., New Orleans, La. (Court-appointed), for Lowery.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for plaintiff-appellee.

Before BROWN, Chief Judge, and HILL and FAY, Circuit Judges.

FAY, Circuit Judge:

From a conviction of conspiracy to possess with intent to distribute heroin, in violation of Title 21, U.S.C. Section 846, defendants appeal based on several evidentiary matters. Finding no reversible error, we affirm. Two of the many assignments of error warrant discussion.

Appellants complain that the trial court allowed into evidence and displayed to the jury Government Exhibits 14–18, which were photographs of five black males showing frontal and profile views, with information on the back sides of the photographs, and with a portion of each photograph excised (identification number). Appellants submit that these photographs suggested to the jury that at least one of the defendants had a prior criminal record and that a criminal record may not be introduced into evidence unless the defendant takes the stand or places his character at issue,[1] neither of

1. *Barnes v. United States*, 124 U.S.App.D.C. 318, 365 F.2d 509 (1966).

which was done by any defendant here. Thus, appellants complain, the admission into evidence of these "partially cropped mug shots" was improper, highly prejudicial, and reversible error. In particular, Exhibit # 15 was a photograph of defendant-Jones with no information on the back since Jones had no prior criminal record. At oral argument appellants conceded that even if the photographs were wrongfully admitted, their admission could have prejudiced only defendant-Jones.

The appellee responds that these photographs were introduced during re-direct examination of a witness, Mrs. Willard, as the ones she used previously in the United States Attorney's Office to identify defendant-Jones. The lower court noted that the photo did not necessarily indicate any prior criminal activity and that the jury knew Jones had been arrested in the instant case, so that no harm would be done by the admission of the photos.

■ This Court finds that the photographs were erroneously admitted, but constitute only harmless error in light of the strong evidence otherwise introduced regarding defendant-Jones' participation in the conspiracy and identification of him by other witnesses and the in-court identification of him by Mrs. Willard. See *United States v. Sawyer,* 504 F.2d 878 (5th Cir. 1974), cert. denied, 421 U.S. 916, 95 S.Ct. 1578, 43 L.Ed.2d 783; *United States v. Jackson,* 451 F.2d 259 (5th Cir. 1971). However, the assistant United States Attorneys and other government prosecutors should take heed regarding the introduction of mugshots during trial and if this practice is continued, future cases may very well be reversed. See *United States v. Chiantese,* 546 F.2d 135 (5th Cir. 1977).

The other ground submitted as error by the appellants and meriting comment by the Court concerns extrajudicial hearsay statements of alleged co-conspirators. Appellants contend that these statements were introduced without any cautionary instruction by the trial court regarding the limited use of hearsay testimony, and that the judge never made any ruling that sufficient independent non-hearsay evidence had been supplied to establish a conspiracy or the defendants' connection with it. Appellants further contend that the trial court's refusal at one point in the trial to give a cautionary instruction "chilled their desire" to request such an instruction at any later stage in the proceeding.

In reply, the appellee submits that the testimony was properly admitted as statements by co-conspirators occurring during the pendency of the conspiracy in furtherance of the conspiracy, and that there was sufficient independent evidence to establish a conspiracy and defendants' connection with it.

In *United States v. Apollo,* 476 F.2d 156 (5th Cir. 1973), this Court interpreted the Supreme Court's words in *Lutwak v. United States,* 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953), as follows:

Lutwak established a minimum obligation on the trial judge in a conspiracy case in which extrajudicial statements of alleged co-conspirators are proffered to give a cautionary instruction on the limited uses of hearsay testimony, explaining clearly to the jury the requirement that the conspiracy itself and each defendant's participation in it must be established by independent non-hearsay evidence which must be given either prior to the introduction of any evidence or immediately upon the first instance of such hearsay testimony. See *Menendez v. United States,* 393 F.2d 312 (5th Cir. 1968), cert. denied, 393 U.S. 1029, 89 S.Ct. 639, 21 L.Ed.2d 572 (1969). The order of admission of proof in a conspiracy case is, of course, a matter within the discretion of the trial court. . . . (citations omitted) . . . Testimony concerning the declarations of co-conspirators may be admitted before the existence of the conspiracy is established by independent evidence. But the unmistakable hazard of allowing this procedure highlights the need for the court to condition the minds of the jurors so that they will not fail to remember that none of this hearsay will bootstrap the necessary establishment of

the conspiracy itself by firsthand proof. 476 F.2d 156, 163.

In *Apollo,* the Court found that although the trial record contained marginally sufficient non-hearsay evidence to support the convictions, the guilty verdicts could not be permitted to stand because the court throughout the trial allowed the Government erroneous hearsay shortcuts "that mandate[d] reversal." 476 F.2d 156, 162–63. An instruction at the conclusion of the trial, however accurate, was insufficient and could not "correct the erroneous refusal to give the proper cautionary instruction when it was first requested." 476 F.2d 156, 163–64. *Accord, United States v. Beasley,* 513 F.2d 309, 313 (5th Cir. 1975); *United States v. Nelson,* 498 F.2d 1247, 1249 (5th Cir. 1974); *United States v. Honneus,* 508 F.2d 566, 577 (1st Cir. 1974), *cert. denied,* 421 U.S. 948, 95 S.Ct. 1677, 44 L.Ed.2d 101 (1975). (In *Honneus,* failure to give a cautionary instruction at time co-conspirator hearsay offered held not plain error since the independent non-hearsay evidence tying the defendant to the conspiracy was adequate "by any standard.") *Compare, United States v. Buschman,* 527 F.2d 1082 (7th Cir. 1976).

 If the instructions given by the trial court are found on appeal to be insufficient, then normally the reviewing court would examine the record to determine whether substantial rights of the defendants were thereby affected. See, e. g., *United States v. Beasley,* 513 F.2d 309 (5th Cir. 1975); 545 F.2d 403 (5th Cir. 1977);[2] *United States v. Jennings,* 527 F.2d 862 (5th Cir. 1976). In the instant case, however, there is one additional problem. When the matter of extrajudicial statements of alleged co-conspirators first arose, the defendants objected and the trial court sustained the objection.[3] At no time thereafter did any of the defendants either object to such testimony or request a cautionary instruction.[4] The court's final charge to the jury did include an instruction regarding the limited use of hearsay so unless manifest prejudice constituting plain error is shown, the defendants' failure to make a timely request for a cautionary instruction precludes their complaining now that the trial judge erred by not giving such an instruction at the commencement of the trial or immediately upon the introduction of the hearsay evidence. *United States v. Moore,* 505 F.2d 620 (5th Cir. 1974), *cert. denied,* 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975); *United States v. Kelley,* 526 F.2d 615, n.4 (8th Cir. 1975), *cert. denied,* 424 U.S. 971, 96 S.Ct. 1471, 47 L.Ed.2d 739 (1976); *United States v. Jimenez,* 496 F.2d 288, 291 (5th Cir. 1974). As this Court stated in *Moore, supra* :

> The effect of this failure to timely request an instruction is that we can reverse Moore's conviction only if the court's failure to give the instruction *sua sponte* constitutes plain error which significantly and substantially prejudiced Moore. Fed.R.Crim.P. 52(b). There was no plain error here. *Apollo* may establish that a cautionary instruction must be given if properly requested; it clearly does not require an instruction where none is requested. As this Court has already held in *United States v. Jimenez,* 5 Cir., 1974, 496 F.2d 288, 291, we conclude that unless manifest prejudice is shown, failure to timely request an *Apollo* instruc-

---

**2.** When reviewing the first trial, this Court found that although there was enough non-hearsay evidence in the record to support a conviction, such evidence was *not overwhelming nor narrowly restricted in the number of statements.* Thus, the court's failure to limit the effect of the hearsay evidence in conformity with *Lutwak* and *Apollo* was held to be reversible error.

On appeal from the retrial, this Court held that, "in light of the abundant properly admitted evidence against defendant and of the paucity of inadmissible testimony introduced, those improperly admitted statements constituted only harmless error that did not infect the validity of defendant's conviction." 545 F.2d 403, 406.

**3.** The Government requested the court give a cautionary instruction to overcome defendants' objection but this effort failed and the testimony was not received.

**4.** In fact, the defendants did not at any time during the trial request a cautionary instruction.

tion precludes a finding of error on appeal. [footnote reference omitted]. 505 F.2d 620, 624.[5]

Furthermore, the court's refusing to comply with the Government's request to give a cautionary instruction when it sustained the defendant's objection to the admission of hearsay evidence could hardly be said to have "chilled" the defendants' desire to request an appropriate instruction at a later time.

The record reveals substantial non-hearsay evidence to support the existence of a conspiracy and the appellants' membership. Under the facts presented here, the court's failure to give a cautionary instruction does not constitute plain error and no manifest prejudice has been shown.

The judgment and convictions of the lower court are affirmed.

---

**5.** In addition to Moore's failure to make a timely request for a cautionary instruction, a factor not present in *Apollo,* the Court found that *Moore* differed from *Apollo* in at least two other important respects:

First, *Apollo* addresses the prejudice resulting from hearsay. While Moore's counsel made over 50 objections to testimony, claiming it to be hearsay, our own review of the record reveals that most of these did not in fact involve hearsay . . . . These extrajudicial acts and statements were not introduced to prove the truth of the matter asserted; rather, they constituted direct evidence of Moore's activities and involvement in specific transactions, or his knowledge of facts otherwise established. . . . . Thus, *Apollo* is inapplicable here because the objections concerned direct evidence which was properly admitted by the trial court. . . .

More to the point, however, is the fact that there has been and can be no showing by Moore of any prejudice resulting from the

failure in this case to give a cautionary instruction to the jury. Moore's counsel conceded at oral argument that the conspiracy was adequately established by independent evidence. We have concluded on our own review of the evidence that Moore was definitely linked to the conspiracy by nonhearsay evidence. Thus, the jury was entitled to impute the words and actions of coconspirators to each other without limitation. What Moore requests is that we reverse his conviction because the trial court failed to give an instruction which at best was superfluous. It would seem to be harmless error, if error at all, for a court to fail to limit a jury's consideration of hearsay testimony when the evidence *aliunde* strongly indicates both the existence of a conspiracy and a defendant's participation therein. In such circumstances, the jury may impute acts and statements to coconspirators without restriction, and a cautionary instruction turns out to be a meaningless gesture. 505 F.2d 620, 623–24.