UNITED STATES of America,
Plaintiff-Appellee,

v.

Ervey Tony DOMINGUEZ,
Defendant-Appellant.

No. 77-5813
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 22, 1978.

Lee A. Chagra, Joseph S. Chagra, El Paso, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Shirley Baccus-Lobel, John W. Sweeney, Jr., Asst. U. S. Attys., Fort Worth, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, COLEMAN and VANCE, Circuit Judges.

PER CURIAM:

On May 5, 1977, Lena Jiminez was arrested at the port of entry at Del Rio, Texas. She was carrying a package containing 7.25 ounces of cocaine. Jiminez testified at trial that on the evening of May 4, appellant approached her in a bar in San Angelo, Texas. He told her she could make $500 by traveling to Del Rio and helping him bring a package from Mexico. The next day appellant picked up Jiminez and Pablo Garcia. He told them to go to a particular motel and ask for James Hill, one of the coconspirators. The car for the trip belonged to appellant's girlfriend. Jiminez and Garcia went to Del Rio without the appellant. Garcia procured the cocaine in Mexico and had given it to Jiminez to bring it across the border when she was arrested.

Elvira DeLeon, appellant's girlfriend, testified that in the spring of 1977, she, appel-

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

lant, Hill, and Hill's girlfriend, Karen Konze, met at her house and discussed obtaining cocaine from Colombia. Hill and Konze were to obtain the cocaine while appellant financed the operation. DeLeon's car was used for the drive to Del Rio. At the same time that Jiminez was apprehended, Hill and Konze were stopped at the border. His visa showed that Hill entered Mexico from Guatemala by vehicle. A roll of film seized from Hill had pictures of Medellin, Colombia, where cocaine is grown. Konze and Hill told DeLeon and appellant that they had seen Jiminez arrested with the cocaine they had obtained.

Appellant argues on appeal that the court erred in not giving a cautionary instruction, *sua sponte*, to the jury about the statements elicited from DeLeon and Jiminez that were admissible under the coconspirator exception to the hearsay rule. He admits that such an instruction was given in the court's charge. He also admits that he did not object to the testimony, nor request an instruction. Appellant argues it was plain error for the court not to give such a charge on its own.

█ Appellant relies on this Court's decision in *United States v. Apollo*, 5 Cir., 1973, 476 F.2d 156, in arguing that the trial court committed reversible error by failing to give a cautionary instruction to the jury that out-of-court statements made by a coconspirator are inadmissible against the defendant until the conspiracy is established by nonhearsay testimony. Appellant objects to statements made by Garcia, and to DeLeon's statement that Hill and Konze told her they had seen Jiminez arrested. DeLeon told the grand jury that the appellant was also present, but denied this at trial. She was impeached with her previous testimony, and it was used substantively by the government. None of the statements were objected to, thus the court's failure to give the limiting instruction is reversible error only if it constitutes plain error affecting substantial rights. F.R.Crim.P. 52(b); *United States v. Rixner*, 5 Cir., 1977, 548 F.2d 1224, 1227; *United States v. Carter*, 5 Cir., 1978, 566 F.2d 1265, 1271.

As we noted in *Carter, supra*:

This Court has held that although *Apollo* may establish that a cautionary instruction must be given if properly requested, *Apollo* does not require an instruction when one is not requested unless manifest prejudice would result otherwise. *United States v. Moore*, 505 F.2d 620, 624 (5th Cir. 1974). Therefore, whether the holding in *Apollo* requires reversal in a particular case depends on the facts in that case. *United States v. Jennings*, 527 F.2d 862, 868 (5th Cir. 1976).

█ Once the trial court declared DeLeon to be a hostile witness, the admission of her contrary grand jury testimony as to what she knew personally was not, if hearsay at all, see F.R.Evid. 801(d)(1)(A); *United States v. Morgan*, 9 Cir., 1977, 555 F.2d 238, 241; *see United States v. Leslie*, 5 Cir., 1976, 542 F.2d 285, the sort of testimony requiring an *Apollo* instruction. To the extent that it, or the like testimony by Jiminez, recited declarations by others, the testimony was clearly admissible since the existence of the conspiracy was amply established by independent evidence.

█ The absence of a contemporaneous *Apollo* instruction did not result in manifest injustice. Appellant offered Jiminez money to bring in a package from Mexico. He instructed Garcia to obtain the cocaine from Hill. Appellant provided Jiminez and Garcia with DeLeon's car for the ride to Del Rio. They carried out appellant's instructions when they arrived there. Hill's pictures of Colombia, and his visa that showed he entered Mexico from Guatemala, corroborated the testimony that he was to procure the cocaine that appellant financed. In these circumstances, the trial court did not commit plain error by failing to give a limiting instruction concerning the hearsay testimony.

Again without deciding, we point out that it may be an open question whether an *Apollo* instruction is even required in view of the new Federal Rules of Evidence. See F.R.Evid. 104, 801(d)(2)(E). *United States*

*v. McLaurin*, 5 Cir., 1977, 557 F.2d 1064, 1075, n. 17; *United States v. Brown*, 5 Cir., 1977, 555 F.2d 407, 423, n. 38.

AFFIRMED.