Willis E. PAYNE, Petitioner-Appellant,

v.

Vinson THOMPSON, Warden; Attorney General of Tennessee, Respondents-Appellees.

No. 79–1625.

United States Court of Appeals, Sixth Circuit.

Argued April 2, 1980.

Decided May 21, 1980.

Marvin B. Berke, Berke, Berke & Berke, Chattanooga, Tenn. (Court-appointed), for petitioner-appellant.

William M. Leech, Jr., Atty. Gen. of Tennessee, William P. Sizer, II, Charles L. Lewis, Asst. Attys. Gen., Nashville Tenn., for respondents-appellees.

Before EDWARDS, Chief Judge, and WEICK and KENNEDY, Circuit Judges.

PER CURIAM.

Appellant Payne appeals from a summary judgment entered by the United States District Court for the Eastern District of Tennessee denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1976).

Our review of this record indicates that at his state court trial, appellant was convicted by a jury on charges of murder and rape of an eight-year old girl and sentenced to death by electrocution upon each of those charges; these death sentences were subsequently commuted by the Governor of the State of Tennessee to consecutive sentences of life imprisonment. The same review of this record also shows that there was ample evidence to warrant the state trial judge in submitting the issue of appellant's guilt or innocence to the jury. Although appellant argued before the District Court and argues before us a total of nine issues, we believe only three warrant discussion.

After appellant was arrested and had been administered *Miranda* warnings and had had a lawyer appointed for him, he was required by the police to submit to the taking of samples and hair and semen from his person. This procedure was carried out at a hospital by a physician but the lawyer who had been appointed for him was not advised of the intention of the police in this regard and was not present.

The District Judge relied upon *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), in holding that the taking of evidence under the conditions involved was not a federal constitutional violation and that appellant had no right to refuse the taking of the samples. Our reading of *Schmerber* bears out the District Judge's conclusion. The taking of this evidence took place before appellant was indicted for the crimes concerned and while we believe his lawyer should have been advised of the police's intention in this regard, we do not think that a federal constitutional violation occurred when they failed to do so.

Nor can we find a federal constitutional violation in the state trial court's refusal to provide expert witness and psychiatric examination by witness of his own choosing. *See United States ex rel. Smith v. Baldi*, 344 U.S. 561, 73 S.Ct. 391, 97 L.Ed. 549 (1953).

As to the other issues presented on appeal, we affirm for the reasoning set forth in the opinion of U.S. District Judge Frank Wilson who denied petition for writ of habeas corpus after review of the state court trial record.

The judgment of the District Court is affirmed.