**James Horace REID, Appellant,**

v.

**Walter RIDDLE, Superintendent, Virginia State Penitentiary, Appellee.**

**No. 76–2029.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 15, 1977.

Decided March 10, 1977.

David L. Simon, Baltimore, Md. (Michael A. Millemann, Michael S. Elder, Joyce R. Branda, Baltimore, Md., on brief), for Reid.

Linwood T. Wells, Jr., Asst. Atty. Gen., Richmond, Va., for the State of Virginia, for Riddle.

Before BUTZNER, RUSSELL and HALL, Circuit Judges.

PER CURIAM:

James Horace Reid was convicted of first-degree murder by a jury of the Hustings Court for the City of Richmond. After exhausting his state remedies,* he filed this petition for a writ of habeas corpus, claiming that the conviction was obtained in violation of the due process clause of the Fourteenth Amendment. The district court denied relief.

The state's evidence showed that Reid committed a homicide. He arrived at the Massad House Hotel at approximately 2:50 a. m., telephoned the victim, who was a friend, from the lobby, and went to the victim's room. During a routine check of the hotel within the next fifteen minutes, the desk clerk heard a commotion in the victim's room and knocked at the door. When the door opened, the clerk saw the victim, sitting in a chair, bleeding from several wounds. Reid wounded the clerk with a knife and held him while he looked through the victim's drawers. Then he followed the clerk to the lobby and robbed the hotel cash register, which set off an alarm, and fled. The police found the victim, dead in his room, with a stick in his hand. After they arrested Reid and advised him of his *Miranda* rights, he elected to remain silent.

* *Reid v. Commonwealth*, 213 Va. 790, 195 S.E.2d 866 (1973).

At the trial, Reid claimed self-defense. He testified that he had accidentally struck the victim in the face during a friendly "Indian wrassling" match. According to Reid, the victim became enraged and began striking him with a stick. Reid claimed that he inflicted the fatal knife wounds in self-defense against this attack.

On cross-examination, the prosecuting attorney asked him, "Did you tell Detective Duke or anybody about this self-defense— of [the victim] hitting you with that stick?" He answered, "No sir." Defense counsel immediately objected to this line of inquiry and made a motion for mistrial. The court overruled the objection and denied the motion. In closing argument, the prosecutor, seeking to discredit Reid's story as a recent fabrication, reminded the jury that Reid had never claimed self-defense before his trial. He argued, "If it were self-defense, then why couldn't he tell Detective Duke?" Upon defense counsel's objection, the trial judge told the jury that the defendant had a constitutional right at the time of arrest to make no statement, but the court refused to grant a requested instruction that the jury could not consider Reid's silence as evidence.

After Reid was denied relief in the state courts and the district court, the Supreme Court filed its opinion in *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), which establishes that Reid had an absolute right to remain silent after being apprehended by the police and that the use of his silence by the Commonwealth to impeach him violated the due process clause of the Fourteenth Amendment.

The state concedes that the trial court committed constitutional error, but contends that the error was harmless.

The key issue in the case was Reid's motive in slaying the victim; if the jury had accepted Reid's version of events, it could not have convicted him of first-degree murder. While there is strong evidence in the record to support the prosecution's theory that the victim was killed in the midst of a robbery, there was no eyewitness to the events immediately preceding the homicide.

Reid and the victim were friends, and Reid had openly come to the hotel to visit him. In addition, Reid's account is supported by the police finding the victim's dead body holding a stick. Further, Reid's contention that he carried a knife not as a tool for robbery, but for self-protection is supported by a police report that he had been robbed by a teenage gang. Also, the defense showed a material discrepancy between the desk clerk's testimony at the preliminary hearing and at the trial.

Thus, we cannot say beyond a reasonable doubt that, absent the prosecutor's improper reference to Reid's earlier silence, the jury would have rejected Reid's version of the facts. The case turned entirely on credibility, and the Commonwealth's Attorney used an unconstitutional means to attempt to discredit the defendant's testimony. Accordingly, the error cannot be considered harmless. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The judgment of the district court is reversed, and the case is remanded with directions that the writ issue and the petitioner be released unless the state grants him a new trial within a reasonable time.