Walter L. PRICE, Jr.,
Petitioner-Appellant,

v.

John T. KING, Secretary of the Louisiana Department of Corrections, et al., Respondents-Appellees.

No. 82–3659.

United States Court of Appeals,
Fifth Circuit.

Sept. 16, 1983.

Paul Henry Kidd, Jerry L. Jones, Monroe, La., for petitioner-appellant.

John H. Craft, Asst. Dist. Atty., New Orleans, La., for respondents-appellees.

Before CLARK, Chief Judge, GEE and POLITZ, Circuit Judges.

GEE, Circuit Judge:

In *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the Supreme Court held that prosecutorial use of an arrested person's silence following *Miranda* warnings to impeach an explanation subsequently offered at trial violates the due process rights of the accused. The issue before us is whether the rule announced in *Doyle* applies to a case on direct review when *Doyle* was decided. Following the principles regarding the application of changes in law enunciated in *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), we hold that *Doyle* does apply to the instant case and accordingly reverse the district court's denial of the petition for habeas corpus.

## I.

Petitioner, Walter Price, was arrested by the New Orleans City Police and charged with armed robbery in March of 1975; he was found guilty in a jury trial held in May 1975. At trial petitioner asserted an alibi defense for the first time. The record reflects that the prosecutor questioned both petitioner and petitioner's alibi witnesses as to why the alibi defense was presented for the first time at trial. The record also reflects that petitioner did not offer an exculpatory statement at the time of his arrest beyond the simple statement that he did not commit the crime. The prosecutor used both petitioner's silence and his alibi defense in arguing to the jury that petitioner's protestations of innocence were sham.[1] Petitioner's counsel objected to this line of questioning at the time. However, insofar as can be determined from the record, this objection was not based upon constitutional but state procedural grounds, i.e., that Loui-

---

1. During his closing argument, the prosecutor argued that if Price had had a legitimate alibi, he and his alibi witnesses would have so informed the police at the time of arrest. The prosecutor stated:

   Ladies and Gentlemen, regarding the alibi, there is nothing wrong with not subpoenaing witnesses ahead of time. The only thing is it merely points up the fact, the very real fact, that if the defense subpoenas their witnesses ahead of time, time enough for the State to check out the story, we might be able to find out what the story is, and if it is a legitimate

   story, if the defendant really wasn't there. We're not out there to prosecute innocent people. We nolle pross cases every day when the information is brought to us by the defense attorney, and they show us we've got the wrong man. Look in the paper. . . .

   .    .    .    .    .

   If the defendant had never been in trouble before in his life, if he had a legitimate alibi, he would have been screaming to the police that night when they informed him of the armed robbery, the date of it.

   State Transcript, part two, at 86–87.

siana at that time did not require the accused to disclose any alibi prior to trial.[2]

On June 17, 1976, while the direct appeal of Price's conviction was pending before the Supreme Court of Louisiana, the United States Supreme Court decided *Doyle v. Ohio, supra.* Over a year later, on July 1, 1977, the Louisiana Supreme Court affirmed Price's conviction and sentence without any consideration of the effect of *Doyle* on this case. *State v. Price,* 347 So.2d 850 (La.1977) (per curiam).

In July 1981, Price filed an application for post conviction relief in state court, claiming, *inter alia,* that under *Doyle* the use of his post arrest silence at trial violated his constitutional rights. The Louisiana Supreme Court denied Price's application without comment. *State ex rel. Price v. State of Louisiana,* 412 So.2d 1102 (La. 1982). Price then timely filed the instant habeas corpus petition, presenting the same claims as his state application.

Dismissing Price's petition with prejudice, the district court held that Price's failure to object at trial barred consideration of the claims concerning the use of Price's post arrest silence. On this appeal, Price argues that this court may reach the merits of his constitutional claim, and that *Doyle* should be applied to reverse his conviction based on the prosecutor's emphasis on Price's post-arrest silence during cross-examination of Price and his alibi witnesses and during closing argument.

## II.

■ The district court relied on *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), in holding Price had not preserved any constitutional errors because he had not timely objected to the prosecutor's use of his post-arrest silence as required by Louisiana's contemporaneous objection rule, Louisiana Code Crim.Proc.Ann. art. 841 (West Supp.1983). As a rule, fail-

ure to comply with a state's contemporaneous objection rule bars federal habeas review of alleged constitutional error in the absence of a showing of cause and prejudice. *Engle v. Isaac, supra; Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). However, the rule that a federal habeas court will not entertain a constitutional claim barred at the state level by procedural default is based upon considerations of comity, not federal power. *See Moran v. Estelle,* 607 F.2d 1140, 1141–2 (5th Cir.1979). Accordingly, where the state courts did not rely on the state procedural rule in denying relief in post-trial proceedings, a federal court exercising habeas jurisdiction may reach the merits of the claim.[3] *County Court v. Allen,* 442 U.S. 140, 146–55, 99 S.Ct. 2213, 2219–2223, 60 L.Ed.2d 777 (1979); *Preston v. Maggio,* 705 F.2d 113 (5th Cir.1983); *Thomas v. Blackburn,* 623 F.2d 383, 386 (5th Cir.1980), *cert. denied,* 450 U.S. 953, 101 S.Ct. 1413, 67 L.Ed.2d 380 (1981).

■ In the instant case, the Louisiana Supreme Court denied Price's application for post conviction relief without comment. The state filed no response to Price's state application, nor did the state raise the issue of procedural bar in the district court on Price's federal petition. Neither the state's failure to raise the issue in the proceedings below nor the state court's silence alone effect a waiver, *Engle v. Isaac,* 456 U.S. at 124–25 n. 26, 102 S.Ct. at 1570 n. 26; *Preston v. Maggio,* 705 F.2d at 115–116 (state court's reliance on procedural default to be determined on case-by-case basis). However, here the state conceded that "[a]t no time has any court refused to hear petitioner's claims about the prosecutor's statements on the basis of a procedural waiver," R. at 170, thus admitting that the state court did not rely on the default. This court will therefore consider Price's constitutional claim in this habeas proceeding.

---

2. Louisiana's Notice of Alibi Law, Louisiana Code Crim.Proc. art. 727 (West 1981), was not added to the state Code until July 19, 1977.

3. In this regard we note that counsel's general objection at the trial to the prosecutor's re-

marks regarding petitioner's post-arrest silence should have placed the trial court on notice that constitutional guarantees were in jeopardy.

588

## III.

■ Under the rule established by *Doyle v. Ohio, supra,* a defendant's silence following *Miranda* warnings may not be used to impeach an explanation subsequently offered at trial. *Accord, Alderman v. Austin,* 695 F.2d 124, 125 (5th Cir.1983) (en banc). In admitting that the prosecutor was trying to impeach appellant's post-arrest statements, State Brief at 20, the state implicitly concedes that reversal is mandated on these facts if *Doyle* is applicable to this case.

■ The principles which this court must apply in determining whether *Doyle* is applicable here are set out in *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965). *Linkletter* establishes that under Supreme Court precedent "a change in law will be given effect while a case is on direct review," *id.* at 627, 85 S.Ct. at 1736, *citing United States v. Schooner Peggy,* 1 Cranch 103, 2 L.Ed. 49 (1801); *see also* cases cited *id.* at note 11; *United States v. Johnson,* 457 U.S. 537, 542–543, 102 S.Ct. 2579, 2583–2584, 73 L.Ed.2d 202, 208–09 (1982). In the instant case, petitioner was convicted prior to the decision in *Doyle* but his case was on direct appeal when *Doyle* was decided. In reviewing Price's conviction one year after *Doyle,* the Louisiana Supreme Court had a duty to inform itself of the applicable change in law and reverse Price's conviction.

On this appeal, *Doyle* mandates that the writ must issue.[4] Where, as here, the prosecution directly links the implausibility of the defendant's exculpatory story to his ostensibly inconsistent post-arrest silence, we cannot hold that the violation of *Doyle* con-

stituted harmless error. *See United States v. Harp,* 536 F.2d 601 (5th Cir.1976). The denial of the petition for habeas corpus must be reversed. The case is remanded with instruction that the district court set a reasonable time within which Louisiana may try Price again.

REVERSED AND REMANDED.

---

4. The facts of this case make it unnecessary for this court to reach the issue extensively briefed by both parties: whether *Doyle* should be applied retroactively to state court convictions which had become final before *Doyle*—i.e., "where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition for certiorari had elapsed," *Linkletter, supra,* 381 U.S. at 622 note 5, 85 S.Ct. at 1734 note 5. We note that the Supreme Court has declined to rule on the question of whether *Doyle* should be given such retroactive effect. *Anderson v. Charles,* 447 U.S. 404, 407 n. 1, 100 S.Ct. 2180, 2181, 65

L.Ed.2d 222 (1980). This court discussed but declined to decide the question in *Chapman v. United States,* 547 F.2d 1240, 1242–47 (5th Cir. 1977), *cert. denied,* 431 U.S. 908, 97 S.Ct. 1705, 52 L.Ed.2d 393 (1977). Three circuits have applied *Doyle* retroactively. *See Morgan v. Hall,* 569 F.2d 1161, 1162 (1st Cir.1978), *cert. denied,* 437 U.S. 910, 98 S.Ct. 3103, 57 L.Ed.2d 1142 (1978); *Reid v. Riddle,* 550 F.2d 1003 (4th Cir.1977); *Meeks v. Havener,* 545 F.2d 9 (6th Cir.1976), *cert. denied, sub nom Meeks v. Jago,* 433 U.S. 911, 97 S.Ct. 2980, 53 L.Ed.2d 1096 (1977).