**Norman BATES, Petitioner-Appellant,**

**v.**

**Frank BLACKBURN, Warden, Louisiana State Penitentiary, et al., Respondents-Appellees.**

No. 86–3397
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 10, 1986.

Rehearing and Rehearing En Banc Denied Jan. 7, 1987.

---

40. *Sasportes v. M/V Sol de Copacabana,* 581 F.2d 1204, 1209 (5th Cir.1978).

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Norman Bates appeals from the district court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In this appeal Bates contends that several due process violations and ineffective assistance of counsel during his state criminal prosecution justify habeas relief, and, therefore, the district court erroneously denied his writ. Having considered Bates' allegations, we are unpersuaded that he deserves habeas relief and thus affirm the district court.

## I.

Norman Bates is a state prisoner currently serving a life sentence at the Louisiana State Penitentiary in Angola, Louisiana. On November 22, 1976, Bates and a fellow employee at Braswell Motor Freight Company, Jack McGraw, got into an argument in the company's New Orleans terminal parking lot. The argument between the two centered on seniority and the number of truckloads McGraw was obtaining. Donald Beter, who was working as a dock foreman on the evening of November 22, witnessed the confrontation. As the two men argued, Beter heard a shot and noticed that McGraw was wounded in the chest. Beter also heard McGraw shout, "The son of a bitch shot me, he shot me." [1] Beter immediately called the police and Bates remained at the terminal until they arrived.

On December 9, 1976, Bates was indicted by an Orleans Parish Grand Jury for first-degree murder. At trial Bates testified that the argument with McGraw had become very heated, that he acted only in self-defense, and that he had not intended to kill McGraw but only wound him. The trial judge instructed the jury on the elements of first degree murder and those of

Norman Bates, pro se.

William A. Marshall, Michael E. McMahon, Asst. Dist. Attys., New Orleans, La., for respondents-appellees.

---

1. Another employee, John Edward Colvin, also testified that he had seen Bates in the terminal parking lot earlier and that Bates said he was waiting to speak with McGraw. Colvin stated that he observed a gun on Bates' truck seat during his meeting with Bates.

805 F.2d—15

the lesser responsive verdicts. Under the Louisiana scheme of responsive verdicts, the jury could return a verdict of either guilty as charged, guilty of second-degree murder, guilty of manslaughter, or not guilty. La.Code Crim.Proc.Ann. art. 814 (West Supp.1986). On November 5, 1977, the jury found Bates guilty of second-degree murder. He was subsequently sentenced to life without benefit of probation, parole, or suspension of sentence for forty years. He perfected an appeal of his conviction, and the Louisiana Supreme Court affirmed the conviction without opinion. *State v. Bates,* 377 So.2d 1258 (La.1979) (mem.).

In 1983 Bates filed a petition for writ of habeas corpus in the Orleans Criminal District Court based upon violations of his federal constitutional rights of due process of law and effective assistance of counsel. The petition was denied without opinion. On appeal the Louisiana Supreme Court denied Bates habeas relief again without opinion. *State ex rel. Bates v. Maggio,* 457 So.2d 10 (La.1984) (mem.). Having exhausted his state court remedies, as the state concedes, Bates proceeded to the federal district court in Louisiana seeking habeas relief. The district court denied Bates petition for relief. Shortly thereafter the court issued a certificate of probable cause to appeal and allowed Bates to proceed in forma pauperis. Bates perfected an appeal to this court.

## II.

Bates raises four grounds for habeas relief: (1) denial of due process of law because the verdict is contrary to the evidence adduced during his trial; (2) denial of due process in that the trial court incorrectly instructed the jury on specific intent so that the burden of proving every element of the crime was shifted; (3) denial of due process of law by the trial judge's failure to properly instruct the jury as to how many jurors must concur in reaching a responsive verdict; and (4) ineffective assistance of counsel.

## A.

Bates' first contention presents a twofold issue. The first is whether his conviction for second-degree murder is constitutionally infirm, and, the second is whether he is barred under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), from successfully asserting this infirmity, if any, in a federal forum.

At the time Bates shot McGraw, Louisiana defined first-degree murder as "the killing of a human being when the offender has a specific intent to kill or inflict great bodily harm." La.Rev.Stat.Ann. § 14:30 (West 1976), *now amended and reprinted in,* La.Rev.Stat.Ann. § 14:30 (West 1986). Second-degree murder was defined at that same time as "the killing of a human being when the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill." La.Rev.Stat.Ann. § 14:30.1 (West 1976), *now amended and reprinted in,* La.Rev. Stat.Ann. § 14:30.1 (West 1986). The Louisiana court instructed the jury as to the first-degree murder charge against Bates and to the responsive verdicts, including second-degree murder. Bates' attorney made no objection to the charge despite the fact that Louisiana has a contemporaneous objection rule in criminal proceedings. *See* La.Code Crim.Proc.Ann. art. 841 (West 1986).

In his habeas petitions in both state and federal courts Bates has asserted that his conviction for second-degree murder is not supported by sufficient evidence and therefore violates the dictates of *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).[2] The district court found that

---

**2.** In *Jackson* the Supreme Court established the standard for reviewing habeas challenges contesting the sufficiency of the evidence. Under *Jackson* a conviction must be reversed if, after reviewing the evidence in the light most favorable to the prosecution, a court finds that no

Bates' conviction for second-degree murder was not supported by any evidence that Bates killed McGraw while engaged in the perpetration or attempted perpetration of one of the enumerated felonies set out in section 14:30.1. The district court concluded that Bates' conviction for second-degree murder violated due process standards as articulated in *Jackson v. Virginia.*

■ We, however, as the district court also found, need not and cannot reach the merits of Bates' claim because *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), bars Bates' sufficiency-of-evidence claim.[3] In *Sykes* the Supreme Court considered the availability of federal habeas corpus to review a state inmate's constitutional claim where the petitioner had failed to comply with a state "contemporaneous objection" rule. The Court held that when a procedural default bars litigation of a constitutional claim in state court, federal courts are precluded from addressing the merits and federal habeas relief is unavailable absent a showing of cause for the noncompliance and some actual prejudice resulting from the alleged constitutional violation. *Id.* at 84, 97 S.Ct. at 2505. *See also Reed v. Ross,* 468 U.S. 1, 13, 104 S.Ct. 2901, 2909, 82 L.Ed.2d 1, 13 (1984); *Engle v. Isaac,* 456 U.S. 107, 131, 102 S.Ct. 1558, 1573, 71 L.Ed.2d 783 (1982); *Webb v. Blackburn,* 773 F.2d 646, 649 (5th Cir.

1985). *See generally* Wright, Miller & Cooper, *Federal Practice and Procedure* § 4266, at 679–82 (1978) (discussing *Sykes* and its effects on federal habeas relief). The *Sykes* rule is based upon respect for state sovereignty, finality of judgments, accuracy of decision, and trial integrity. *Price v. King,* 714 F.2d 585, 587 (5th Cir. 1983); *see also Preston v. Maggio,* 705 F.2d 113, 115 (5th Cir.1983).

This court outlined the analytical approach for application of *Sykes* in *Preston v. Maggio,* 705 F.2d at 115. We stated:

> After *Sykes* then, a federal habeas court is called upon to make the following analysis before relief may be granted. First, it must decide whether the state court applied the procedural bar in denying the petitioner's federal constitutional claim. Second, assuming that a state court applied the procedural bar, the federal court must consider whether there was adequate cause for the petitioner's failure to comply with the procedural rule. And third, assuming adequate cause, the federal court must decide whether the petitioner suffered actual prejudice from the alleged constitutional violation before habeas relief may be granted. Cause-and-prejudice analysis is, therefore, triggered only if the federal court determines that the state court's

---

rational trier of fact could have found, beyond a reasonable doubt, sufficient evidence of the crime for which the defendant was convicted. 443 U.S. at 319, 99 S.Ct. at 2789; *see also Marler v. Blackburn,* 777 F.2d 1007, 1001 (5th Cir.1985); *Harris v. Blackburn,* 646 F.2d 904, 905 (5th Cir. 1981); *Holloway v. McElroy,* 632 F.2d 605, 607–08 (5th Cir.1980).

The Court in *Jackson* extended the due process protection of conviction on all elements beyond a reasonable doubt to a habeas petitioner. In doing so, the Court relied upon the teachings of *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The *Winship* court stated: "[l]est there remain any doubt about the constitutional stature of the reasonable doubt standard, we explicitly hold that the Due Process Clause protects the accused against conviction except beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Id.* at 364, 90 S.Ct. at 1073. *See also Reed v. Ross,* 468 U.S. 1, 3, 104 S.Ct. 2901, 2904, 82 L.Ed.2d 1, 7 (1984).

3. Even though the district court reached the merits of Bates' evidentiary claim, it went on to properly recognize and apply the *Sykes* rule. While the district court's resolution of the *Sykes* issue is correct, as discussed *supra,* we believe the proper procedure for a district court considering a sufficiency-of-evidence habeas claim is to first determine if the habeas petitioner may assert the alleged constitutional error in the federal forum in light of state procedural requirements. *See Engle v. Isaac,* 456 U.S. 107, 128, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Price v. King,* 714 F.2d 585, 587 (5th Cir.1983); *see also Webb v. Blackburn,* 773 F.2d 646, 649 (5th Cir.1985) (only if state courts dealt with merits should federal court evaluate merits). In mentioning the district court's treatment of the merits, we note that if we had reached the merits of Bates' evidentiary claim we would have agreed with the court's thorough analysis and conclusion.

have refused to hear a petitioner's federal constitutional claim because of a state law procedural default.

*Id.* at 115 (citations omitted); *see also Glass v. Blackburn,* 791 F.2d 1165, 1169–70 (5th Cir.1986); *Webb v. Blackburn,* 773 F.2d 646, 649 (5th Cir.1985); *Price v. King,* 714 F.2d 585, 587 (5th Cir.1983).

▇ Applying the above analysis, we first determine whether the Louisiana courts applied their contemporaneous objection rule as a procedural bar in denying Bates' alleged constitutional claim. The determination of whether a state procedural bar was invoked by the state courts is made on a case-by-case basis. Where the state court is silent as to its reason for denying relief, the absence of reliance on an available procedural ground does not mandate a conclusion that the decision was not based on procedural grounds. *Preston,* 705 F.2d at 116. Likewise, the mere availability of a procedural ground does not compel a conclusion that this ground formed the basis for the court's holding. *Id.* at 116. Where the state courts have been silent on the grounds for their denials of habeas relief, we consider: (1) whether the state court has used the procedural default of contemporaneous objection in similar cases to preclude review of a claim's merits; (2) whether the history of the case suggests that the state courts were aware of the procedural default; and (3) whether the state courts' silence suggest reliance upon procedural grounds or a determination on the merits. *Id.* at 116.

▇ As noted earlier the Louisiana courts denied habeas relief without stating any reasons. Article 841 of the Louisiana Code of Criminal Procedure provides that failure to object to an error at the time of occurrence waives review after the verdict is received. *See also State v. Jackson,* 450 So.2d 621, 623 (La.1984) (defendant's grounds on appeal limited to objections articulated at trial); *State v. West,* 419 So.2d 868, (La.1982) (same). The issue then is whether Louisiana strictly applies its contemporaneous objection rules to erroneous instructions and insufficiency of evidence. We find that they do. A defendant must object to erroneous jury charge to preserve any error for appeal. *See State v. Belgrad,* 410 So.2d 720 (La.1982); *State ex rel. Ross v. Blackburn,* 403 So.2d 719, 721–22 (La.1981); *State v. Sepcich,* 473 So.2d 380, 387 (La.Ct.App. 5th Cir.1985); *State v. Singleton,* 444 So.2d 343, 345 & n. 1 (La.Ct. App. 1st Cir.1983). Bates' counsel did not object to the jury charge including the responsive verdict of second-degree murder. Furthermore, Louisiana requires that a defendant object to the insufficiency of the evidence to support the conviction in order to preserve this point for appeal. *See State v. Sandifer,* 359 So.2d 990, 992 (La. 1978); *State v. Madison,* 345 So.2d 485, 495 (La.1977); *State v. Bowen,* 292 So.2d 197, 202 (La.1974). Particularly, the Louisiana Supreme Court has held that a defendant's failure to object to the sufficiency of the evidence to support a responsive verdict prevented the defendant from obtaining habeas relief so long as the evidence was sufficient to support a conviction of the crime charged.[4] *See State ex rel. Elaire v.*

---

4. The Louisiana Supreme Court explained its procedural default rule within the context of Louisiana's system of responsive pleadings. The court stated:

> The theory ... that a jury may return a legislatively approved responsive verdict, whether or not that verdict is supported by the evidence, as long as the evidence is sufficient to sustain a conviction of the charged offense recognizes the legitimacy of a "compromise" verdict which does not "fit" the evidence, but which (for whatever reasons) the jurors deemed to be fair. This view, which accords the jury the prerogative to return a verdict of a lesser offense which is not supported by the

evidence, comports with the spirit of the responsive verdict article....

*Elaire,* 424 So.2d at 251. The court reasoned that:

> it would be unfair to permit the defendant to have the advantage of the possibility that a lesser "compromise" verdict will be returned (as opposed to being convicted of the offense charged) and then to raise the complaint for the first time on appeal, that the evidence did not support the responsive verdict to which he failed to object.

*Id.* at 251–52. Thus the court concluded:

> at least when the defendant fails to interpose a timely objection to a legislatively responsive

*Blackburn,* 424 So.2d 246, 251–52 (La. 1982), *cert. denied,* 461 U.S. 959, 103 S.Ct. 2432, 77 L.Ed.2d 1318 (1983); *see also State v. Porretto,* 468 So.2d 1142, 1147 (La.1985) (following *Elaire* ); *State v. Benton,* 453 So.2d 993, 996 (La.Ct.App. 1st Cir.1984) (following *Elaire* ).

We believe this case's similarity to *Elaire* is such that the Louisiana courts applied their contemporaneous objection rule to deny Bates' sufficiency-of-evidence claim without reaching the merits. Viewing the evidence most favorably to the prosecution, as we must, *see Turner v. McKaskle,* 721 F.2d 999, 1001 (5th Cir. 1983), there appears to be sufficient evidence to have supported Bates' conviction on the offense charged, first-degree murder. Bates admitted that he intended to shoot McGraw and intended to inflict serious bodily injury, i.e., to shoot him in the leg. Beter's and Colvin's testimony also undercut any claim of self-defense. Since there is sufficient evidence which could have supported Bates' conviction for first-degree murder, the Louisiana court would have barred Bates' claim of insufficient evidence to support the responsive verdict on the basis of a procedural default, i.e., lack of trial objection. Since Louisiana courts have taken this approach in cases such as *Elaire* and others, we believe it is reasonable to conclude that they did so in this case.[5]

We, therefore, hold that Bates' claim was rejected by the state courts on the procedural ground that he failed to object to the jury instruction on the potential responsive verdict of second-degree murder and to the sufficiency of the evidence to support his conviction for second-degree murder and that the merits of his claim were not con-sidered. Federal court review of Bates' claim is thus barred under *Sykes* unless Bates can show cause for his procedural default and actual prejudice from the alleged unconstitutional violation.

Applying the second step of the *Sykes* analysis, we are of the opinion that Bates has failed to establish that he had good cause not to contemporaneously object at trial to the instruction and the sufficiency of the evidence to support his conviction. At the time of Bates' trial, the Supreme Court had held that due process required proof beyond a reasonable doubt of every element of an offense in order to support a conviction. *In re Winship,* 397 U.S. at 361–64, 90 S.Ct. at 1070–73; *see also supra* n. 2. Furthermore, in *Roberts v. Louisiana,* 428 U.S. 325, 335, 96 S.Ct. 3001, 3007, 49 L.Ed.2d 974 (1976), the Court had criticized, through dicta, the responsive verdict statute of Louisiana because it gave jurors the opportunity to convict a defendant on a responsive ground without any supporting evidence. And finally, the Louisiana Supreme Court had stated that it would reverse a conviction where there was a total lack of evidence to prove an essential element of a crime. *E.g., State v. Butler,* 331 So.2d 425, 428 (La.1976); *State v. Douglas,* 278 So.2d 485, 490–91 (La.1973).

We recognize that *Jackson* had not been decided at the time of Bates' trial in 1977, but in light of the law existing at the time, we do not believe that Bates' due process claim was so novel so as to excuse compliance with Louisiana's contemporaneous objection rule. *See Reed v. Ross,* 468 U.S. at 3–4, 104 S.Ct. at 2904–05, 83 L.Ed.2d at 7–8; *Engle v. Isaac,* 456 U.S. at 135, 102 S.Ct. at 1575; *Tyler v. Phelps,* 643

verdict, this court will not reverse the conviction if the jury returns such a verdict, whether or not that verdict is supported by the evidence, so long as the evidence is sufficient to support the offense charged.

*Id.* at 252. Such language clearly establishes Louisiana's strict application of its contemporaneous objection rule to situations such as alleged in Bates' petition.

**5.** The second consideration in *Preston,* i.e., that the history of the case suggests that the Louisi-ana courts were aware of the procedural default, also supports our conclusion that the merits of Bates' claim were not reached by the state courts. Bates petition in the state courts explicitly raised the insufficiency of evidence claim and noted his counsel's failure to object at trial. Certainly then, the Louisiana courts were aware that *Elaire* and its progeny would bar consideration of Bates' claim.

F.2d 1095, 1101 (5th Cir.1981). Furthermore, perceived futility of presenting an objection to the state courts cannot alone constitute sufficient cause under *Sykes, see Engle v. Isaac,* 456 U.S. at 130, 102 S.Ct. at 1573, nor is failure to anticipate a change in the law sufficient. *E.g., Briley v. Booker,* 594 F.Supp. 1399, 1404 (E.D.Va.1984).

We conclude that Bates has failed to establish sufficient cause for his failure to comply with Louisiana's contemporaneous objection rule as required by *Sykes.* For this reason, we cannot reach the merits of Bates' habeas claim. The district court's conclusion to the same effect was correct.

### B.

Bates' second ground for habeas relief is that he was denied due process of law because the trial court incorrectly instructed the jury on specific intent. Bates argues that the trial court's instruction shifted the burden of proving every element of the crime beyond a reasonable doubt from the state. The Louisiana trial court instructed the jury, without objection from the defense, in part as follows:

> The law holds that a sane person is presumed to intend the natural and probable consequences of his or her acts. Consequently, it is the law that if murder is that of a sane person or persons and they assault another in such a manner as would likely cause death or cause serious bodily harm, this would be murder. In such cases it is necessary that the assault be of such a nature that would cause death or likely cause serious bodily harm. If a death results, must [sic] have been a natural and probable consequence of the act or acts. A specific intent to kill may be implied whether there are no signs of intent other than the homicide itself. A specific intent to kill would be implied if any deliberate cruel act was committed against one person by another. If, for instance, a man armed with a dangerous weapon should suddenly without any apparent cause or provocation kill another, the law would presume the killing was deliberate and intentional and

done for the purpose of killing or doing great bodily harm.

The district court found that the effect of this charge was to create a conclusive presumption that Bates specifically intended to kill or inflict great bodily harm.

■ We do not need to decide whether we agree with the district court that the instruction given at Bates' trial is unconstitutional under *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), because we again are precluded from reaching the merits of Bates' claim. Bates' trial counsel did not object contemporaneously to the instruction as required by the rules of Louisiana criminal procedure. La.Code Crim.P.Ann. art. 841 (West 1986); *see also State v. Henry,* 449 So.2d 486, 488 (La.1984) (objection to faulty jury instruction must be made when instruction given). As discussed previously in relation to Bates' first ground for relief, *Sykes* prevents a federal court from reaching the merits of a petitioner's claim if the state courts have adhered to a procedural bar to avoid reaching the merits. As we also noted earlier, we believe Louisiana courts strictly apply their contemporaneous objection rule to erroneous instructions and did so in this case. Therefore, Bates must again show cause for his failure to object and prejudice from the allegedly unconstitutional instruction. *See Wainwright v. Sykes,* 433 U.S. at 87, 97 S.Ct. at 2506. Counsel has cause for failing to object when there is no reasonable basis for his position in law, such as when the position is novel. *Id.* at 87, 97 S.Ct. at 2506; *see also Reed v. Ross,* 468 U.S. at 7, 104 S.Ct. at 2905.

Although *Sandstrom* was not decided until after Bates' trial, we do not believe that an objection to the instant jury instruction was so novel that its legal basis was not reasonably available or foreseeable to Bates' counsel. At the time of Bates' trial, the Supreme Court had emphasized the obligation of the state to prove all elements of a crime beyond a reasonable doubt, and the unconstitutionality of instructions which relieved this burden. *See In re Win-*

*ship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). This court in fact shortly before Bates' trial had held that an instruction identical to the one given at his trial violated due process. *United States v. Chiantese,* 560 F.2d 1244, 1255 (5th Cir.1977) (en banc). Furthermore, legal commentators had expressly held that instructions which provided a shifting of the burden through a presumption of intent were "clearly erroneous." *E.g.,* Devitt & Blackmar, *Federal Jury Practice and Instruction* 405 (3d ed. 1977).

■ We, therefore, believe that Bates has failed to establish reasonable cause for failing to object to the jury instruction on intent. Since Bates did not object to the instruction when given and has not demonstrated cause for failing to do so, and the state courts did not reach the merits of his claim because of their procedural bar of requiring contemporaneous objection, we cannot address the merits of Bates' claim.[6] *See Johnson v. Blackburn,* 778 F.2d 1044, 1048 (5th Cir.1985); *Stokes v. Procunier,* 744 F.2d 475, 480 (5th Cir.1984).

### C.

■ Bates' third ground for habeas relief is that he was denied due process of law because the trial court instructed the jury that all twelve jurors must concur in reaching a verdict. This contention is without merit. In Louisiana a defendant, such as Bates, who is charged with a capital offense can only be convicted by a unanimous verdict. *State v. Goodley,* 398 So.2d 1068 (La.1981). The instruction was correct and certainly cannot serve as any basis for habeas relief.

### D.

Bates' final ground for habeas relief is that he received ineffective assistance of counsel during his state prosecution. Bates alleges that his counsel's failures to object (1) to the instructions on intent, (2) to the responsive verdict of second-degree murder, and (3) to the sufficiency of the evidence to support the conviction amount to ineffective assistance of counsel. The district court rejected Bates' contention and, after reviewing the record, so do we.

■ The sixth amendment guarantees a criminal defendant reasonably effective assistance by counsel. *E.g., Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To be entitled to relief on the ground that his counsel rendered ineffective assistance, a habeas petitioner must show that his counsel's performance was constitutionally deficient and that the deficient performance prejudiced his defense. *Crockett v. McCotter,* 796 F.2d 787, 791 (5th Cir.1986); *Nealy v. Cabana,* 782 F.2d 1362, 1364–65 (5th Cir. 1986); *Marler v. Blackburn,* 777 F.2d 1007, 1111 (5th Cir.1985). This requirement places the burden on the petitioner to meet the *Strickland v. Washington* test for ineffective assistance of counsel.

■ In *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set out a two-part test to determine whether post-conviction relief should be granted on the ground that trial counsel was ineffective: (1) the defendant must show that counsel's performance was deficient, and (2) the defendant must show that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064. *See also United States v. Fuller,* 769 F.2d 1095, 1097 (5th Cir. 1985). In order to satisfy the first prong of the test, the petitioner must show that counsel's actions fell beneath an objective standard of reasonable professional assist-

---

6. Furthermore, under this issue we need not address the state's contention that the instruction was harmless error under *Rose v. Clark,* —— U.S. ——, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986), because we do not determine whether constitutional error was committed. We do, however, discuss the instruction in light of *Rose v. Clark* and Bates' ineffective assistance of counsel claim *infra* at part II D.

ance. The second prong is satisfied by a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. An insufficient showing of prejudice leads to rejection of the claim without inquiry into the adequacy of counsel's performance.[7] *Strickland v. Washington,* 466 U.S. at 697–98, 104 S.Ct. at 2069–70; *United States v. Fuller,* 769 F.2d at 1097.

Bates' complaint that his attorney's failure to object to the intent instruction amounted to insufficient representation in light of *Sandstrom* fails because he was not prejudiced by this omission. Assuming for the sake of argument that *Sandstrom* is retroactively applied and that the instruction violated *Sandstrom,*[8] we note that assignments of error predicated upon *Sandstrom* instructions are subject to the harmless error analysis of *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See Rose v. Clark,* —— U.S. ——, ——, 106 S.Ct. 3101, 3109, 92 L.Ed.2d 460, 470–71 (1986); *Garland v. Maggio,* 717 F.2d 199, 203 (5th Cir.1983). The fact that a *Sandstrom* violation may be harmless error is important to our determination of whether the result of the trial would have been different because if an error is shown to be harmless then the error cannot satisfy the prejudice prong of *Strickland. Garland,* 717 F.2d at 207; *Baldwin v. Maggio,* 704 F.2d 1325, 1333 (5th Cir.1983).

In *Rose v. Clark* the Court held that a *Sandstrom* error can be harmless even where, as in this case, the defendant contests intent. The Court stated, "in cases of *Sandstrom* error, the inquiry is whether the evidence was so dispositive of intent that a reviewing court can say beyond a reasonable doubt that the jury would have found it unnecessary to rely on the presumption." —— U.S. at ——, 106 S.Ct. at 3109, 92 L.Ed.2d at 474–75 (citing *Connecticut v. Johnson,* 460 U.S. 73, 97, 103 S.Ct. 969, 982, 74 L.Ed.2d 823 (1983) (Powell, J., dissenting)). Considering that (1) Bates' admitted intentionally shooting McGraw with intent to inflict bodily injury; (2) no self-defense defense was established; and (3) the jury convicted him of a crime not requiring specific intent, we believe beyond a reasonable doubt that the presumption in the instruction played no role in the ultimate outcome. Thus, the objectionable instruction was harmless error under *Rose v. Clark.* Since the instruction was harmless error, we logically conclude that the failure of Bates' attorney to object at trial would not have altered the outcome of the case, i.e., Bates was not prejudiced. *Johnson v. Blackburn,* 778 F.2d at 1049–50; *Garland v. Maggio,* 717 F.2d at 207.

Finally, Bates' claim that his attorney ineffectively represented him because he failed to object to the sufficiency of the evidence to support an instruction and conviction on second-degree murder also fails. In disposing of this contention we again emphasize that there was substantial evidence upon which the jury could have convicted Bates for first-degree murder as charged. In light of such evidence, we believe Bates' attorney's decision not to object does not fall under an objective standard of professional practice. In discussing its rather unique system of responsive verdicts, the Louisiana Supreme Court has noted that where the evidence is sufficient to establish the guilt of the accused on the count charged, defense counsel may rea-

---

**7.** In *Strickland* the court further stated that the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Washington v. Strickland,* 466 U.S. at 696, 104 S.Ct. at 2069. Moreover, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690, 104 S.Ct. at 2066.

**8.** As noted earlier we do not reach the merits of Bates' *Sandstrom* claim; therefore, we have no reason to decide explicitly the retroactivity of *Sandstrom.* This same approach has been utilized by other panels when considering habeas petitions claiming ineffective assistance of counsel on the basis of a *Sandstrom* error. *See Johnson v. Blackburn,* 778 F.2d at 1047–49; *Garland v. Maggio,* 717 F.2d at 199.

sonably decide not to object so that the case may go to the jury with the option that it could return a verdict on a lesser responsive offense. *State ex rel. Elaire v. Blackburn,* 424 So.2d at 252–53. We also note that had the responsive verdict of second-degree murder been omitted as a result of an objection, the evidence could have easily supported a first-degree murder conviction and thus exposed Bates to a more severe sentence of death or life without parole.

For these reasons we conclude that Bates' attorney did not render ineffective representation in failing to object to the responsive verdict instruction or conviction, nor was Bates prejudiced by this failure to object. In summary, Bates has failed to establish the requisite incompetence and prejudice necessary to gain habeas relief for ineffective assistance of counsel.

### III.

For the reasons stated above, we affirm the district court's denial of habeas corpus relief sought by prisoner Norman Bates.[9]

AFFIRMED.

---

**9.** Bates also raises two issues for the first time on appeal. He contends that "an indigent defendant cannot be required to live with perceived errors by appointed counsel when defendant was unlearned in the law, or a defendant is denied due process by his attorney making decisions without consulting defendant." Since these issues were not presented to the district court, we cannot consider them in this appeal. *Easter v. Estelle,* 609 F.2d 756, 759 (5th Cir.1980).