Applicant in this capital murder case challenges the ruling of the trial court relieving appointed counsel due to counsel’s lack of experience and the unavailability of funds to pay counsel. The matter apparently came before the trial court on a motion to withdraw filed by applicant’s appointed counsel, Jacque Derr.
The applicant seeks to have us to enter an order requiring the treasurer of Winn Parish to provide sufficient funds to pay overhead costs and fees of appointed counsel, or, in the alternative, to order that the charges against him be dismissed. We grant the writ in part, deny the writ in part, and remand the matter to the trial court.
Footnote 1 of the trial court opinion noted that the court “also allowed Green’s two co-defendants to join in th[e] motion” (Jimmy Teat for John Dale Hall and James E. Calhoun for James Micha'el Washington, Jr.). The court also said that “[t]wo other cases have likewise been joined to this one. See State v. Mark Hattaway, No. 32,554 (Winn Parish, 1990) (counsel, Mike Small); State v. James Edward Pardue, No. 33,607 (Winn Parish, 1993) (counsel, James E. Calhoun).”
Likewise, counsel for applicant, Mr. Clive Stafford Smith, indicated in Footnote 1 of the instant application that he was “representing Mr. Green and his similarly-situated colleagues in Winn Parish Jail on a pro bono publico basis.... ” In the interest of judicial economy, we therefore consider this application as also being on behalf of the other four defendants referenced in Footnote 1 of the trial court opinion.
We have not been furnished the pertinent minute entries of these cases in this writ application. We also have not been favored with a copy of the specific motion (or motions) upon which the October 19,1993, hearing was held. We do note that the transcript indicates it is a “Motion to Withdraw Appointment as Counsel.” We therefore presume that similar motions were also filed by the other attorneys referenced in the trial court’s Footnote 1, as was indicated would be filed at the end of the October 19, 1993, hearing.
In response to our request for briefs from the state, the district attorney’s office responded that for it to take a position would violate LSA-Const. Art. 5 § 26, which precludes a district attorney from defending or assisting the defense of any criminal prosecution. The district attorney also cited a conflict because of the reliance by that office on the criminal court fund, noting that the fund is a potential source of funds for an accused’s counsel per State v. Wigley, 624 So.2d 425 (La.1993). The district attorney also cited a conflict of interest as statutory legal counsel for the parish police jury.
We express serious doubt that active participation by the instant district attorney’s office conflicts with the constitutional article cited. However, we do not need to decide the question at this point. We also note that if the district attorney has a conflict of interest in any matter, it is incumbent on the district attorney to recuse himself and seek *13 other counsel to represent the state. LSA-R.S. 16:9.
These motions appear to be the type contemplated in State v. Wigley, supra, contending that the appointment of private counsel and the requirement that counsel represent a capital defendant without reasonable expectation of reimbursement of expenses (and/or compensation) is an unreasonable extension of counsel’s professional obligation.
An indigent defendant facing incarceration, or worse, is entitled to counsel. U.S. Const, amend. VI; LSA-Const. Art. 1, § 13. The defense provided need not be perfect, but should be effective and competent. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bates v. Blackburn, 805 F.2d 569 (5th Cir. 1986), cert. denied, 482 U.S, 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987); Kirkpatrick v. Blackburn, 777 F.2d 272 (5th Cir.1985), cert. denied, 476 U.S. 1178, 106 S.Ct. 2907, 90 L.Ed.2d 993 (1986). Each defense will necessarily be case specific. See generally, Ake v. Oklahoma, 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); State v. Carmouche, 553 So.2d 467 (La.1989); State v. Carmouche, 527 So.2d 307 (La.1988).
There was extensive testimony by attorneys well-versed in defending death eases as to the ideal support required in defending capital matters. However, this testimony was extremely general and in many particulars was not specific to the instant case or eases. There was only a limited cross-examination by the state, which was represented at the hearing by Mr. Terry R. Reeves, district attorney, and Mr. Martin S. Sanders, Jr. assistant district attorney.
Much of the testimony in the record, particularly that of Mr. Robert Neal Walker of the Loyola Death Penalty Research Center in New Orleans, argues for virtually unlimited resources in indigent capital cases. Such is not necessary or required. Also, much of what Mr. Walker indicated is required is not supported by the jurisprudence.
After careful review, we conclude that the record supports the trial court determination that requiring Mr. Derr to represent the defendant Green in this capital case will be unduly oppressive. The ruling relieving Jacque Derr as attorney for applicant Green in this case is therefore affirmed.
The order relieving the other attorneys in the cases cited in Footnote 1 of the trial court opinion is reversed. We conclude the record does not support the determination that their representation of any defendant listed here is unduly oppressive in any specific case, and further hold that funds are likely to be available to reimburse them as required by law.
The trial court also erred in implying it only had the authority to appoint attorneys residing in the Eighth Judicial District. Indeed, it appears that at least two other counsel who “joined in” reside out of the district, and at least one of the attorneys at issue here who resides out of the judicial district has previously accepted an appointment in the Eighth Judicial District on another unrelated criminal matter.
The trial court is therefore ordered to appoint new counsel for the defendant Green in this capital case. The trial court should be satisfied that such counsel regularly practices law in the Eighth Judicial District and has the experience required to represent a defendant in a death penalty case. The attorney need not reside in the Eighth Judicial District.
It is possible that the attorneys may be required to spend several hundred hours on these cases. We set an overhead rate of $30 an hour for each attorney in these cases. The attorneys may require an independent investigator at an early stage in the case, the expense of which the trial court found to be approximately $2,000. Also, it may be necessary for this investigator, or another investigator more specially trained, to assist the defense in the penalty phase investigation for a sum which the trial court estimated might be as high as $3,000. The record does not support, at this point, the trial court determination that such an investigator or psychological and psychiatric experts will be necessary for the penalty phase.
However, we are not persuaded from this record that at this juncture any *14 attorney is entitled to be paid an attorney’s fee, although we have no quarrel with the rate of $45 an hour set by the trial court. Wigley says that no fee is due unless and until the time the attorney must devote to cases for which he does not receive a fee reaches an unreasonable level. In our view that level is no less than 100 hours per calendar year. Moreover, other factors, such as the amount of pro bono work rendered in eases in previous years, should be considered by the trial judge in determining what is unreasonable.
This case also presents the issue of where the reimbursement funds are to be obtained. It seems clear to us that we should follow the lead of the justices of the Supreme Court, who, recognizing the legislature’s constitutional obligation to provide for a system to adequately secure and compensate defense counsel for indigents, were unwilling to undertake more intrusive and specific measures to assure compliance until after the legislature had a chance to address the problem in the first instance. State v. Peart, 621 So.2d 780 (La.1988); Wigley, supra. Further, and contrary to our ruling in In re Compensation for Indigents’ Criminal Defense, 580 So.2d 1058 (La.App.2d Cir. 1991), the Supreme Court in Peart, supra, and Wigley, supra, implied that La.R.S. 15:304 required the local government subdivision, here Winn Parish, to fund the indigent defender system and that funds from the parish be used to reimburse defense attorneys’ expenses and overhead.
A review of the testimony of Mrs. Thelma Jarnigan, secretary-treasurer of the Winn Parish Police Jury, indicates that the Winn Parish Police Jury’s budgets of over $1.6 million have a surplus of about $14,500. (Some of these funds may be dedicated.) Although she testified there were no funds budgeted for criminal defense, we find that the parish is able to provide incremental payments as necessary for these cases. Obviously, some adjustment to the parish budgets may have to be made. Nevertheless, as the Supreme Court has stated “budget exigencies cannot serve as an excuse for the oppressive and abusive extension of attorneys’ professional responsibilities.” Wigley, supra, at 429.
The trial court is ordered to direct the Winn Parish Police Jury to provide reimbursement for the initial investigations in these cases in such amounts as may be shown to be necessary in each specific case, after contradictory motion tried with the parish and the State. Additional funding for experts or further investigation as likewise determined to be appropriate after contradictory motion with the parish and the state shall be authorized by the trial court upon the trial court’s determination that such is reasonable and necessary for an adequate defense in a specific case, and is supported by law. In addition, the court shall order the police jury to reimburse reasonable overhead costs at $30 an hour (and attorneys’ fees at $45 an hour after the trial court’s determination that the attorney’s pro bono work for cases for which he has not received a fee has reached unreasonable levels, but in no event shall it be less than 100 hours of annual pro bono services previously rendered) as periodically determined after motion and a contradictory hearing. The court may order the payment of these funds in incremental amounts as necessary.
This matter is remanded for further proceedings consistent herewith.