United States Court of Appeals,

Fifth Circuit.

No. 93-3466

Summary Calendar.

Norman BATES, Petitioner-Appellant,

v.

John WHITLEY, Warden, La. State Penitentiary and Richard P. Ieyoub, Attorney General, State of Louisiana, Respondents-Appellees.

May 3, 1994.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before KING, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:

Norman Bates, proceeding *pro se* and *in forma pauperis,* appeals the district court's denial of his petition for habeas corpus relief. We vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

I.

Norman Bates, a prisoner at the Louisiana State Penitentiary in Angola, Louisiana, is serving a life sentence after having been convicted by an Orleans Parish jury of the second-degree murder of Jack McGraw in 1976. The relevant facts of the offense conduct have been detailed by this court in an earlier opinion denying Bates federal habeas relief. *See Bates v. Blackburn,* 805 F.2d 569, 571-72 (5th Cir.1986), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987). We concluded that Bates was not entitled to relief on two of his claims—that the evidence was insufficient to support his conviction and that the jury instructions were erroneous—because they were procedurally barred under *Wainwright v. Sykes,* 433 U.S. 72, 84, 97 S.Ct. 2497, 2505, 53 L.Ed.2d 594 (1977), and because Bates had not shown the requisite "cause and prejudice" for us to address the merits of his claims. *Id.* at 573-77. We also concluded that Bates failed to establish the requisite incompetence and prejudice necessary to gain habeas relief on his claim of ineffective assistance of counsel. *Id.* at 579.

On January 21, 1991, Bates filed a second petition for federal habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Louisiana. He raised the same issues he had in his earlier petition: sufficiency of the evidence to support his conviction, erroneous jury instructions, and ineffective assistance of counsel at trial.

Bates pointed out that since this court's previous *Bates* opinion, the Supreme Court decided *Harris v. Reed,* 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), which held that a procedural default in state court does not bar consideration of a claim on federal habeas review unless the last reasoned state court decision denying habeas relief explicitly did so based upon that procedural bar. *Id.* at 262, 109 S.Ct. at 1042; *see also Ylst v. Nunnemaker,* --- U.S. ----, ----, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991) (clarifying *Harris* ). He argued that because the state courts which denied him habeas relief did so without written opinion,[1] he was now entitled to federal habeas review of his claims not previously addressed on the merits.

The district court agreed that under *Harris,* which may be applied retroactively, *see Edwards v. Butler,* 882 F.2d 160, 165 (5th Cir.1989), Bates was now entitled to federal habeas review of his claims on the merits. Nonetheless, after reviewing his claims, the district court denied Bates federal habeas relief. This appeal ensued.

## II.

Rule 9(b) of the Rules Governing § 2254 Proceedings precludes federal review of a state prisoner's second federal habeas petition if the petition "fails to allege new or different grounds for relief and the prior determination was on the merits." Rule 9(b) of the Rules Governing § 2254 Proceedings; *Williams v. Whitley,* 994 F.2d 226, 230 (5th Cir.), *cert. denied,* --- U.S. ----, 114 S.Ct. 608, 126 L.Ed.2d 572 (1993).

---

[1]In our first *Bates* opinion, we noted:

> In 1983 Bates filed a petition for writ of habeas corpus in the Orleans Criminal District Court based upon violations of his federal constitutional rights of due process of law and effective assistance of counsel. The petition was denied without opinion. On appeal the Louisiana Supreme Court denied Bates habeas relief again without opinion.

*Bates,* 805 F.2d at 572.

Bates' current petition raises claims previously presented to this court in an appeal from the denial of his first habeas petition. The question thus presented is whether Bates' attempt to relitigate these same claims should subject Bates' current petition to dismissal under Rule 9(b).

A federal habeas court's rejection of a petitioner's constitutional claim because of state procedural default and a failure to show cause and prejudice must be regarded as a determination on the merits in examining whether a subsequent petition is successive. *See Williams,* 994 F.2d at 233-34 n. 3; *Shaw v. Delo,* 971 F.2d 181, 184 (8th Cir.1992), *cert. denied,* --- U.S. ----, 113 S.Ct. 1301, 122 L.Ed.2d 690 (1993); *Howard v. Lewis,* 905 F.2d 1318, 1322 (9th Cir.1990). Although this court cannot dismiss Bates' successive habeas petition because the issue of a successive petition was not raised below, we do have the discretion to remand this case to the district court for consideration of whether Bates' petition should be dismissed under Rule 9(b). *See Williams,* 994 F.2d at 231 n. 2. Bates should be given specific notice that the district court is considering the dismissal of his petition under Rule 9(b) and at least ten days in which to respond. *See id.* at 231-32; *Urdy v. McCotter,* 773 F.2d 652, 656 (5th Cir.1985).

## III.

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.