United States Court of Appeals
FOR THE EIGHTH CIRCUIT

————————

No. 96-2191

————————

| | | |
|---|---|---|
| Dennis G. Walkner, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| United States of America, | * | |
| | * | {UNPUBLISHED} |
| Appellee. | * | |

————————

Submitted: October 14, 1997
Filed: November 14, 1997

————————

Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN and BEAM, Circuit
Judges.

————————

PER CURIAM.


Dennis G. Walkner appeals from a final order of the United States District
Court[1] for the Northern District of Iowa, denying his 28 U.S.C. § 2255 motion to
vacate his sentence. For the reasons discussed below, we affirm.

———————————————

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern
District of Iowa.

Walkner pleaded guilty to several drug and weapons charges, including engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. The district court sentenced him to mandatory life imprisonment under 21 U.S.C. § 848(b). We affirmed. See United States v. Hammer, 3 F.3d 266, 269 (8th Cir. 1993), cert. denied, 510 U.S. 1139 (1994).

In this § 2255 motion, Walkner claimed that the district court neglected to inform him at his guilty plea hearing of the maximum possible penalty, including the effect of any supervised release term, in violation of Fed. R. Crim. P. 11(c)(1), and that he received ineffective assistance of counsel when counsel failed to raise this issue at the plea hearing, at sentencing, and on direct appeal. The district court concluded that, in light of Walkner's mandatory life sentence, any error was harmless. In addition, because the error was harmless, Walkner could not establish he received ineffective assistance of counsel, as he could not prove he was prejudiced.

On appeal, Walkner challenges the jurisdiction of the district court. His arguments are wholly without merit. The district court's jurisdiction is granted by 18 U.S.C. § 3231. Moreover, the statutes under which Walkner was prosecuted are valid under the Commerce Clause. See, e.g., United States v. Lopez, 514 U.S. 549, 558-59 (1995).

In addition, the district court did not err in denying § 2255 relief. Assuming Walkner's counsel's failure to raise the Rule 11(c)(1) issue constitutes cause to excuse the failure to raise this issue on direct appeal, Walkner cannot prove counsel's failure to advance this argument was prejudicial, because the error was harmless. See Strickland v. Washington, 466 U.S. 668, 694 (1984); Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir. 1986) (harmless error cannot satisfy prejudice prong of Strickland), cert. denied, 482 U.S. 916 (1987). In light of Walkner's mandatory life sentence, he will never realize the effect of a supervised release term or a revocation of that term because he will never serve such a term.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.