129 F.3d 123
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Dennis G. WALKNER, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-2191.
 United States Court of Appeals, Eighth Circuit.
 Submitted Oct. 14, 1997.
Filed Nov. 14, 1997.
 
 Appeals from the United States District Court for the Northern District of Iowa.
 Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis G. Walkner appeals from a final order of the United States District Court[1] for the Northern District of Iowa, denying his 28 U.S.C. § 2255 motion to vacate his sentence. For the reasons discussed below, we affirm.
 
 
 2
 Walkner pleaded guilty to several drug and weapons charges, including engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. The district court sentenced him to mandatory life imprisonment under 21 U.S.C. § 848(b). We affirmed. See United States v. Hammer, 3 F.3d 266, 269 (8th Cir.1993), cert. denied, 510 U.S. 1139 (1994).
 
 
 3
 In this § 2255 motion, Walkner claimed that the district court neglected to inform him at his guilty plea hearing of the maximum possible penalty, including the effect of any supervised release term, in violation of Fed.R.Crim.P. 11(c)(1), and that he received ineffective assistance of counsel when counsel failed to raise this issue at the plea hearing, at sentencing, and on direct appeal. The district court concluded that, in light of Walkner's mandatory life sentence, any error was harmless. In addition, because the error was harmless, Walkner could not establish he received ineffective assistance of counsel, as he could not prove he was prejudiced.
 
 
 4
 On appeal, Walkner challenges the jurisdiction of the district court. His arguments are wholly without merit. The district court's jurisdiction is granted by 18 U.S.C. § 3231. Moreover, the statutes under which Walkner was prosecuted are valid under the Commerce Clause. See, e.g., United States v. Lopez, 514 U.S. 549, 558-59 (1995).
 
 
 5
 In addition, the district court did not err in denying § 2255 relief. Assuming Walkner's counsel's failure to raise the Rule 11(c)(1) issue constitutes cause to excuse the failure to raise this issue on direct appeal, Walkner cannot prove counsel's failure to advance this argument was prejudicial, because the error was harmless. See Strickland v. Washington, 466 U.S. 668, 694 (1984); Bates v. Blackburn, 805 F.2d 569, 578 (5th Cir.1986) (harmless error cannot satisfy prejudice prong of Strickland ), cert. denied, 482 U.S. 916 (1987). In light of Walkner's mandatory life sentence, he will never realize the effect of a supervised release term or a revocation of that term because he will never serve such a term.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa